GUILD v. HUWER.

(City Court of Brooklyn — General Term, December, 1892.)

Plaintiff paid to defendant the agreed price of certain goods to be manu-
factured by defendant, who agreed to retain possession thereof at his
own risk until actual delivery upon plaintiff's orders.    While in defend-
ant's possession a part of goods were destroyed by fire.    *Held*, that
a jury having found that the goods were not delivered, defendant was
liable to plaintiff for their value.

APPEAL from a judgment entered upon the verdict of a jury in favor of the plaintiff, and from an order denying motion for a new trial.

The facts are stated in the charge of the trial justice, OSBORNE, J. :

" GENTLEMEN OF THE JURY — There is just one issue in this case for you to determine, and as you determine that issue so will your verdict be, and that is what was the bargain or arrangement or agreement between these parties on the 1st of June, 1891, when the plaintiff went to the defendant's glass works and entered into this transaction in reference to these lamps and chimneys.

" It is not disputed that, on the first of June, the plaintiff went to defendant, and a memorandum was made out there in writing designating so many hundred dozen of this kind of globes, and so many hundred dozen of that, and the price thereof was figured at $642, and that amount was paid by the plaintiff to defendant. Subsequently, goods of the character mentioned in this memorandum, to the amount and value of $117.36, were delivered or shipped by the defendant to various parties, customers of the plaintiff, in accordance with orders which the defendant received from the plaintiff to that effect.

" There was a fire in November. After that fire it is admitted that the defendant repaid to the plaintiff the sum of $204. That, with the amount of goods delivered, makes a total of $321.36, and deducting that from $642, originally paid, we have a balance of $320.64, with interest, which is the subject-matter of this action.

" The plaintiff's contention is that he ordered these goods and furnished a mold from which the lamps were to be cast or blown, as the case may be; and when the chimneys were made, or the chimney blanks as they call them in the trade, the defendant was to send those blanks to Mr. Stenger, who was here on the witness stand; Stenger was to etch those chimneys at the plaintiff's expense — the defendant had

nothing to do with that work — and then was to return the goods to Mr. Huwer, the defendant.

"Now comes the main question, as I regard it, in this case for you to determine. The defendant says these goods were destroyed by fire. Whose goods were they, or who is liable for the loss of this $320.64?

"The plaintiff's evidence is that the defendant agreed to become responsible for the custody of these goods. If you believe that to be the case, that the defendant undertook to hold these goods and be responsible for their safe custody until they were delivered from time to time in accordance with the orders which the plaintiff gave the defendant, then the defendant is liable for this loss. They did not become plaintiff's goods according to that, or, if they did, defendant agreed to indemnify — to insure, as it were — the plaintiff against any loss, to be responsible for them, and on his failure to deliver them he was liable for the amount, $320.64, which, with the interest calculated $7.69, amounts to $328.33, for which amount the plaintiff asks a verdict at your hands.

"I charge you, as a matter of law, unless you are satisfied from the evidence in this case that this defendant agreed to become responsible for these goods, the plaintiff is not entitled to recover.

"The evidence on behalf of the defendant, and which is not materially contradicted by the plaintiff or his witnesses, is to the effect that the defendant was to make these goods, they were to be etched by Stenger, they were to be retained by the defendant at the risk of the plaintiff, he claims; plaintiff claims they were to be there at defendant's risk. There is the whole issue in a nutshell, and from that you are to determine this case.

"If the defendant did not agree to become responsible for these goods when they were completed, sent to the etcher's to be etched so far as they were to be etched, but kept them stored there for the benefit of the plaintiff, the defendant simply agreeing to comply with his orders and ship these goods from time to time to such parties as the plaintiff might direct, the defendant is entitled to a verdict at your hands.

" There is evidence to the effect that the plaintiff asked the defendant if he would insure the goods, and the defendant peremptorily refused to insure them. There is evidence, further, on behalf of defendant, that the plaintiff was notified that the defendant's space was somewhat limited, and that these goods of plaintiff's were in the way, and he was asked to send for them and remove them and get them out of the way, as the defendant wanted the space that they occupied; and the testimony is, I think, that the plaintiff responded that he was having some circulars printed and distributed among his customers, and that doubtless they would be productive of orders, and very soon he would be able to ship the goods and give orders for their delivery, and in that way the defendant would be accommodated by having this space back again.

" Now there is the whole case before you. You are to determine the issues. If this defendant agreed to become responsible for these goods until they were delivered to plaintiff, then the plaintiff is entitled to a verdict for $328.33. If he did not so agree, but when these goods were completed, and plaintiff was notified of it, they were plaintiff's goods, and they were there in defendant's establishment at plaintiff's risk. (Of course the defendant was bound to take reasonable care of them. He wouldn't have been permitted to place them out on the sidewalk.) But, if by no fault of his, as for instance by a conflagration occurring in his establishment, these goods were destroyed, he would not in that event be responsible."

*Brunnemer & Bennett*, for plaintiff (respondent).

*Edwin R. Root*, for defendant (appellant).

VAN WYCK, J. According to the pleadings and the charge of the trial judge, the right of plaintiff to recover was defeated if the goods contracted to be purchased from the defendant, were, in law, delivered upon the complete manufacture thereof, though remaining in defendant's factory. The testimony tends to show, and the jury thereupon finds, that the plaintiff

agreed to purchase, at fixed prices, certain goods from the defendant, to be manufactured, the defendant agreeing to retain possession thereof at his own risk till they were actually delivered upon plaintiff's orders.   We see no reason to disturb this finding of the jury that the goods were not delivered. The testimony that the goods were to be retained by defendant at his own risk till they were actually delivered upon plaintiff's orders, was clearly admissible under the pleadings, to show that it was the intention of the parties that nothing short of actual manual delivery, on plaintiff's orders, should be deemed a delivery.

Judgment and order must be be affirmed, with costs.

CLEMENT, Ch. J., concurs.
Judgment affirmed.